**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 26-60351-CIV-SMITH

JOSE SANCHEZ CRUZ,

      Petitioner,

v.

KRISTI NOEM, *et al.*,

      Respondents.

_____/

## <u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>

This matter is before the Court upon the Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [DE 1], Respondents' Return to Writ of Habeas Corpus [DE 6], and Petitioner's Reply [DE 7].  Petitioner seeks an order either requiring his immediate release or requiring an immigration judge to conduct an individualized custody redetermination hearing.

Petitioner entered the United States on or about June 19, 2023.  On June 21, 2023, Immigration and Customs Enforcement, Enforcement and Removal Operations ("ICE ERO"), served Petitioner a Notice of Expedited Removal [DE 6-5].  Petitioner claimed fear of persecution or torture upon his return to Cuba.  As a result, his matter was referred to the United States Citizenship and Immigration Services ("USCIS").  On June 22, 2023, USCIS determined that Petitioner did not have a credible fear of persecution or torture.  Petitioner requested review by an immigration judge.  On July 23, 2023, an immigration judge vacated USCIS's negative credible fear determination.  On July 4, 2023, Petition became subject to a Notice to Appear and was released from custody.

On June 23, 2025, Border Patrol Agents arrested Petitioner, after encountering Petitioner at a traffic stop.  Petitioner has been in custody since then.  On July 27, 2025, ICE ERO issued a

Notice to Appear, charging Petitioner with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i).  On November 26, 2025, Petitioner had a hearing on the merits of his asylum claim.  The immigration judge denied all relief and ordered Petitioner removed to Cuba.  On December 30, 2025, Petitioner filed an appeal of the immigration judge's decision.  That appeal is still pending with the Board of Immigration Appeals.  According to Respondents, Petitioner, who remains in custody, is being held pursuant to 8 U.S.C. § 1225(b)(1).  However, Respondents note in their Return that Petitioner is in § 1229a removal proceedings.  (Return 3 n.2.)

Respondents maintain that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(1) because Petitioner is in expedited removal proceedings.  Petitioner was apprehended in June 2022 and served a Notice of Expedited Removal.  However, Petitioner was released from custody in July 2023, with a Notice to Appear, and Respondents state that Petitioner is now in § 1229a removal proceedings.

The Supreme Court has explained that under § 1225:

"[A]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . . )" is deemed "an applicant for admission." § 1225(a)(1).  An applicant is subject to expedited removal if, as relevant here, the applicant (1) is inadmissible because he or she lacks a valid entry document; (2) has not "been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility"; and (3) is among those whom the Secretary of Homeland Security has designated for expedited removal. §§ 1225(b)(1)(A)(i), (iii)(I)–(II).  Once "an immigration officer determines" that a designated applicant "is inadmissible," "the officer [must] order the alien removed from the United States without further hearing or review." § 1225(b)(1)(A)(i).

Applicants can avoid expedited removal by claiming asylum.  If an applicant "indicates either an intention to apply for asylum" or "a fear of persecution," the immigration officer "shall refer the alien for an interview by an asylum officer." §§ 1225(b)(1)(A)(i)–(ii).  The point of this screening interview is to determine whether the applicant has a "credible fear of persecution." § 1225(b)(1)(B)(v).  The applicant need not show that he or she *is in fact eligible* for asylum—a "credible fear" equates to only a "significant possibility" that the alien would be eligible. *Ibid.*  Thus, while eligibility ultimately requires a "well-founded fear of persecution

2

> on account of," among other things, "race" or "political opinion," §§ 1101(a)(42)(A), 1158(b)(1)(A), all that an alien must show to avoid expedited removal is a "credible fear."
>
> If the asylum officer finds an applicant's asserted fear to be credible, the applicant will receive "full consideration" of his asylum claim in a standard removal hearing. 8 C.F.R. § 208.30(f); *see* 8 U.S.C. § 1225(b)(1)(B)(ii).

*Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 109-110 (2020) (footnotes removed).

Based on this, Petitioner is not in expedited removal proceedings and, therefore, § 1225 does not apply.   Petitioner has been continuously physically present in the United Stated for more than two years and was at the time he was detained on June 23, 2025, having entered the United States on June 19, 2023.   Additionally, Petitioner claimed fear of persecution, thus removing him from expedited removal proceedings.

Further, Respondents released Petitioner in 2023, which is not permitted under § 1225(b)(1)(B).   Thus, the Court finds that Petitioner's proper classification is as a detainee pursuant to 8 U.S.C. § 1226(a).   *See Giron v. Noem*, No. 2:25-cv-01201-SPC-NPM, 2026 LX 27982, at *8 (M.D. Fla. Jan. 7, 2026) (finding that non-citizen released into the community and "allowed to stay" more than two years is no longer subject to expedited removal under 8 U.S.C. § 1225(b)(1); *Gonzalez v. Sec'y, Dep't of Homeland Sec.*, No. 2:25-CV-1047-KCD-DNF, 2025 WL 3677101, at *1 (M.D. Fla. 2025) (finding that federal regulations provide that aliens detained within the United States who have been here for years before their detention are entitled under § 1226(a) to receive a bond hearing at the outset of their detention).   Accordingly, it is,

**ORDERED** that the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [DE 1] is **GRANTED:**

1.      Within 10 days of the date of this Order, Respondents shall provide Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a).

3

2.      Respondents are enjoined from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2).

3.      Respondents shall, within 24 hours of the bond hearing, file a status report indicating the outcome of the bond hearing and, if release on bond is denied, the reason(s) for the denial.

4.      All pending motions are **DENIED as moot.**

5.      This case is **CLOSED.**

**DONE and ORDERED** in Fort Lauderdale, Florida, this 24th day of March, 2026.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE